UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Javan Moore, | C/A No. 4:12-756-RMG-TER |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Nurse Susan Blackwell; Frank T. Osrecher (Spartanburg City Public Safety Officer); Sheriff Chuck Wright of Spartanburg Detention Center, | |
| Defendants. | |

Javan Moore ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] At all times relevant to the allegations in the complaint, Plaintiff was a detainee at the Spartanburg County Detention Facility (SCDF). Plaintiff filed an amended complaint on January 7, 2013. (doc. #35). Defendants Wright and Blackwell (hereinafter Defendants)filed a motion for summary judgment on July 2, 2013, along with a memorandum and exhibits in support thereof. Because Plaintiff is proceeding *pro se*, he was advised on or about July 3, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendants' motion for summary judgment could result in dismissal of his complaint. Plaintiff filed a response in opposition on July 15, 2013.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

## II.  DISCUSSION

### A.  STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable

to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

### B. ARGUMENT OF PARTIES/ANALYSIS

Plaintiff alleges that he arrived at the SCDF with an injury for which he had just been to the emergency room. As a result of his injury, Plaintiff requested during booking that he not be placed in an upstairs cell, but his request was denied. On January 25, 2012, Plaintiff alleges he fell down a flight of ten stairs and could not move. Plaintiff was transported to the hospital by the Spartanburg Rescue Squad. Plaintiff alleges that while at the hospital, the X-ray technician told him his back was cracked. Plaintiff argues that the doctors at the hospital did not fully examine him and "went along with the jail." Plaintiff states that he was given pain medication that did not help. At the time of

3

filing the amended complaint, Plaintiff was no longer at SCDF but alleges he was still taking pain medicine for his back but he needed further treatment. Plaintiff asserts that he continues to have back pain and walks with a severe limp as a result of not getting correct medical attention. Plaintiff states that his claims concern serious medical neglect and brutality, and he requests money damages and injunctive relief.

**Failure to State a Claim**

First, Defendants argue that Plaintiff makes no allegations that Defendants Susanne Blackwell or Chuck Wright were personally involved with the decision to place him in an upstairs cell or the denial of medical treatment. Defendants submitted the affidavit of Susanne Blackwell who attests that she is a nurse at the SCDF responsible for assisting and overseeing the medical care of the inmates. (Blackwell affidavit). Blackwell was not the SCDF nurse who saw Plaintiff on January 25, 2012, after his alleged fall, it was Nurse Ebony Black. To the extent Plaintiff asserted a claim against her because she is a nurse at SCDF, she does not prescribe or discontinue medication without an order from a physician and does not have the authority to refer an inmate to a private physician for evaluation or treatment. Blackwell attached a copy of Plaintiff's medical records from the SCDF to her affidavit.

Plaintiff does not mention Blackwell or Wright in the body of the Complaint or make any personal allegations against them. Although the Court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (*quoting* Bell Atlantic

4

Corp. v. Twombly, 550 U.S. 544 (2007)). See also *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). *Cf.* Skinner v. Switzer, 131 S.Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). Thus, because Plaintiff did not plead any factual allegations against Blackwell or Wright, it is recommended that summary judgment be granted in favor of these Defendants for the Complaint fails to state a claim upon which relief may be granted. [2]

In the alternative, the undersigned will briefly address the merits of the action.

**Eighth Amendment/ Medical Indifference**

Defendants also argue the action should be dismissed for Plaintiff has failed to establish an Eighth Amendment claim. Plaintiff alleges that he was deprived of appropriate initial housing classification, constitutionally appropriate medical care, and that his pain was not addressed by the

---

[2] Defendant Osrecher is represented by different counsel, and his answer asserts a defense for failure to state a claim. The complaint and amended complaint only names Frank T. Osrecher as a Defendant but does not allege any personal involvement by him. In fact, Plaintiff does not mention him in the body of the complaint or amended complaint. Although the Court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Pursuant to 28 U.S.C. § 1915, proceedings in forma pauperis: **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case *at any time* if the court determines that** the action is (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Even though Defendant Osrecher has not filed a dispositive motion, the absence of a motion to dismiss does not prevent dismissal if district court is convinced that complaint cannot be construed as stating a claim for which relief can be granted and is therefore deemed frivolous. U.S. ex rel. Walker v. Fayette County, Pennsylvania, 599 F.2d 573, ( 3rd Cir. 1979). Thus, because Plaintiff did not plead any factual allegations against Defendant Osrecher, it is recommended that this action be dismissed for failure to state a claim upon which relief may be granted as to this Defendant, as well.

SCDF medical clinic. Defendants assert that Plaintiff was booked into the SCDF on January 2, 2012, and remained there until August 3, 2012. (See Affidavit of Neal Urch, docc. # 75-1). ). On January 2, 2012, Plaintiff completed a Medical Receiving Screening Form on which he did not indicate that he was experiencing any health issues. Id. The SCDF staff used all available information in making his classification decision. Id. Plaintiff has been housed at the SCDF in the past which is a pre-trial detainment facility. Id. Plaintiff's past history at the SCDF includes failure to follow facility rules and instructions, smoking in his cell, contraband, and disrespect to others. Id. Therefore, Plaintiff was classified as a maximum risk, and assigned to POD 6. Id. Defendants alleged that even if Plaintiff had advised the SCDF staff that he was experiencing difficulty ambulating, there is no prohibition on housing an inmate with such issues in a particular area of the jail as needs of that facility are balanced against the needs of the particular detainee. Based on Plaintiff's medical records, he was seen at Spartanburg Regional Medical Center (SRMC) on January 2, 2012, for contusions and muscle strain. He presented to the SRMC Emergency Department complaining of left knee pain, lower back pain and right clavicle pain, but the discharge papers reveal he had nothing broken, his scrapes and bruises were expected to heal in a few days, and he was prescribed Ultram for pain if needed. (See Affidavit of Susanne Blackwell). The x-ray reports showed no fractures or acute abnormalities of his right clavicle and left knee. He was booked into the SCDF after discharge from the hospital. Id.

On January 25, 2012, Plaintiff allegedly fell down a flight of stairs in Pod 6 at the SCDF. Medical was immediately called and Plaintiff was examined by Ebony Black. Id. Plaintiff was in no acute distress, was moving his neck and able to reach his hand over his shoulder, but EMS was called out of an abundance of caution. Id. Plaintiff was transported to SRMC for treatment

6

complaining of pain in his left shoulder, top of his spine and left knee. Id. He had x-rays of his cervical spine, his thoracic spine, and his left knee. Id. The x-ray reports revealed no acute injuries. Id. Plaintiff was ambulatory at discharge and was prescribed pain medicine as needed. Id.

Defendants argue they are entitled to summary judgment because Plaintiff has not established a federally protected claim. Defendants assert that while Plaintiff argues that he had a medical need when he was admitted to the SCDF despite the fact that he claimed none on his Medical Receiving Screening Form, he has established no failure to meet any such need on the part of the Defendants. Additionally, Defendants assert that shortly after his fall on January 25, 2012, Plaintiff was treated by the SCDF Nurse and then transported by EMS to the emergency room at SRMC and discharged with no finding of any acute injuries. Plaintiff was seen by Dr. Bianco, the SCDF contract physician and was treated by either Dr. Bianco or the SCDF medical staff when he complained of medical problems. (Urch affidavit). Urch attached copies of the Request Slip for Medical Attention forms completed by Plaintiff during his stay at SCDF beginning January 2, 2012, which reveal each were evaluated and signed off by Dr. Bianco as indicated by his initials and date at the bottom right hand corner of the form. Id.

In the case of Estele v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 173, (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs

> or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted)

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> . . . a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citation omitted), . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851. Unless medical needs were serious or life threatening, and the Defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, 511 U.S. 825 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

8

Further, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, supra. Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir.1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) (applying Daniels vs. Williams and Ruefly v. Landon: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct."). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-03 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, supra, at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") See also Brooks v. Celeste, F. 3d 125 (6th Cir. 1994) (Although several courts prior to the Supreme Court's decision in Farmer v. Brennan, supra, held that "repeated acts of negligence could by themselves constitute deliberate indifference, Farmer teaches otherwise."); Sellers v. Henman, 41 F.3d 1100, 1103 (7th Cir. 1994) ("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); White v. Napoleon, 897 F.2d 103, 108-109 (3rd Cir. 1990); and Smart v. Villar, 547 F.2d 114 (10th Cir. 1976) (affirming summary dismissal).

Even if Plaintiff's allegations are true, he has shown nothing more than a disagreement with the medical treatment provided, not that he was completely denied medical treatment. He admits that he was examined by a nurse and sent to the hospital for evaluation after his alleged fall. Plaintiff has failed to show that he had a serious medical need of which Defendants knew about and consciously ignored. Blackwell attests that based on his medical records from SCDF, Plaintiff was provided with

all medications prescribed by the physicians involved in his care. (Blackwell affidavit). Plaintiff alleges that he continued to take pain medication while at SCDF. Plaintiff has not shown that any conduct by the Defendants "shocks the conscious" as required by Miltier v. Beorn, supra. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice" Jackson v. Fair, supra. The type and amount of medical care is left to the discretion of prison officials as long as medical care is provided. Brown v. Thompson, supra. Any disagreement between an inmate and medical personnel generally fails to state a claim. Although there is nothing to indicate that there were mistakes of medical judgment, even if shown, mistakes of medical judgement are not subject to judicial review in a § 1983 action. Russell v.Sheffer, supra.

Moreover, as to any allegations of medical indifference as to Defendants who are non-medical personnel, the claims fail. The Fourth Circuit has held that to bring a claim alleging the denial of medical treatment against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir.1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Id. Under these principles, the Plaintiff has not alleged sufficient facts stating any claim actionable under § 1983 regarding his medical treatment against non-medical personnel.

Based on the evidence presented, there has been no deliberate indifference shown to the overall medical needs of the Plaintiff.[3] For the above stated reasons, summary judgment should be granted in favor of Defendants on this issue.

**Risk of Harm**

As to any claim Plaintiff is attempting to raise as a risk of harm to his safety by not classifying him to be on a lower floor, the claim fails. The Supreme Court recognized that punishment prohibited by the Constitution does not result from negligence on the part of prison officials. The Supreme Court stated this principle and established the appropriate standard in Whitley v. Albers, 475 U.S. 312 (1986).

> [t]o be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety.
> . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the
>
> Cruel and Unusual Punishments Clause. . . . Id., at 1084.

Based on these precedents the issue is whether an inmate who has suffered injury has alleged and offered evidence that the prison officials "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm. . . ." Ruefly v. Landon, 825 F.2d 792 (4th Cir. 1987). The Supreme Court has defined "deliberate indifference" in the context

---

[3] If Plaintiff is attempting to hold any of the Defendants liable for the actions of their employees, the claim fails. Under the doctrine of respondeat superior, an employer or supervisor is not liable for the acts of their employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978) and Fisher v. Washington Metro Area Transit Authority, 690 F. 2d 1133, 1142-43 (4th Cir. 1982).

of the liability of physical injury to an inmate. In analyzing case law, the court concluded that deliberate indifference must be something more than mere negligence, but less purposeful or knowing conduct. The court held: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825 (1994).

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement <u>unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference</u>. (Emphasis added). This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

The obduracy and wantonness standard applies to prison officials in supervisory positions as well as to guards and corrections officers who deal with inmates directly. Thus, a supervisor must know of a specific risk or be aware of a pervasive risk of harm and act "wantonly, obdurately, or with deliberate indifference to that specific or pervasive risk of harm." Moore v. Winebrenner, 927 F.2d 1312 (4th Cir.), cert. denied, 502 U.S. 828 (1991).

Plaintiff fails to make a showing that the SCDF officials wantonly and obdurately failed to take precautions for his safety or showed deliberate indifference to a specific known risk of harm, that the officials were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that they also drew the inference. Farmer, supra; Rich v. Bruce, 129 F.3d 336 (4th Cir. 1997)("A defendant is not subjectively reckless where, although he is aware of the existence of a general risk, he is unaware that his conduct is inappropriate in light of that risk. True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk.").

Assuming Defendants' actions were indicative of negligence, a showing of mere negligence will not meet the deliberate indifference standard. Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). Neither the Fourteenth Amendment Due Process Clause, Davidson v. Cannon, 474 U.S. 344, 347 (1986), nor Eighth Amendment, Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) is violated by negligent failure to protect inmates from violence. Thus, the undersigned recommends that this claim be dismissed and summary judgment granted in favor of the Defendants.

**Custody Classification**

Any allegations by Plaintiff with regard to custody classification fails. No liberty interest is created in custodial classifications. Meachum v. Fano, 427 U.S. 215, 225 (1976). Additionally, decisions relating to the day-to-day operation of prisons are entrusted to the officials of the particular institution or correctional system. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed. 813 (1983). *See also*, Meachum v. Fano, 427 U.S. 215, 223-24 (1976) (prisoner has no due process

right to be housed in any particular facility).  Therefore, it is recommended that Defendants' motion for summary judgment be granted with respect to this issue.

## C. QUALIFIED IMMUNITY

Defendants argue that they are all entitled to qualified immunity. Defendants assert Plaintiff cannot establish that any Defendant violated a constitutional right.

The Supreme Court in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether the defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. <u>Harlow</u>, 457 U.S. at 818.

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the Plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." <u>Wilson v. Layne</u>, 526 U.S. 603, 609 (1999); *see also* <u>Suarez Corp. Indus. v. McGraw</u>, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." <u>Wilson</u>, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." <u>Porterfield v. Lott</u>, 156 F.3d 563, 567 (4th Cir. 1998).

In <u>Maciariello v. Sumner</u>, 973 F. 2d 295 (4th Cir. 1992), the Fourth Circuit Court of Appeals further explained the theory of qualified immunity when it set forth that:

> Governmental officials performing discretionary functions are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Moreover, there are two levels at which the immunity shield operates. First, the particular right must be clearly established in the law. Second, the manner in which this right applies to the actions of the official must also be apparent. Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.

<u>Maciariello</u>, 973 F. 2d 295, 298 (4th Cir. 1992) (Citations omitted).

For a Plaintiff to recover, he must show the Defendants (i) violated a particular right clearly established in law, and (ii) the application of that right to the actions of the official must be apparent or that defendants were deliberately indifferent to a known risk of harm or serious medical need. As discussed above, the Plaintiff in this case has not done so. Thus, he fails to show a violation of a constitutional right.

### D. INJUNCTIVE RELIEF

Since Plaintiff is no longer incarcerated at the SCDF, to the extent he has requested injunctive relief, his claims are moot. Plaintiff provided the court with a notice of change of address to Trenton Correctional Institution. (Doc. #27). Claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition complained of. <u>Williams v. Griffin</u>, 952 F.2d 820, 825 (4th Cir. 1991); <u>Ross v. Reed</u>, 719 F.2d 689, 693 (4th Cir. 1983).

### E. PENDENT JURISDICTION

Assuming Plaintiff's § 1983 claim is dismissed by this Court and Plaintiffs' complaint somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

### III. CONCLUSION

Based on the above reasoning, Plaintiff has failed to show that Defendants violated any of his constitutional or statutory rights under 42 U.S.C. § 1983. It is therefore, for the reasons stated herein,

RECOMMENDED that the motion filed by Defendants (doc. #74) for summary judgment be GRANTED IN ITS ENTIRETY.

IT IS FURTHER RECOMMENDED that any other outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 28, 2013
Florence, South Carolina
**The parties' attention is directed to the important information on the attached notice.**